UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| BRUCE GRANT BONAVENTURE, ) | Case No.  6:09-bk-18649-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |

MEMORANDUM OPINION ON ALL PENDING MOTIONS

The debtor, Bruce Grant Bonaventure, has lived in his home at 1781 Choctaw Trail in Maitland, Florida, for 35 years.  Like many other Florida homeowners, he borrowed monies using his home as collateral, and, now, cannot make his mortgage payments.  Aurora Loan Services, LLC, obtained a final foreclosure judgment against the home in the Florida state courts 17 months ago.  Mr. Bonaventure creatively has used numerous different court proceedings, including numerous motions filed in this bankruptcy case, to further delay the foreclosure sale. Finding that the Florida's Fifth District Court of Appeal, which is currently addressing Mr. Bonaventure's appeal of the foreclosure judgment, is the appropriate and final arbiter of that dispute and that the debtor has gotten all benefits possible from this Chapter 7 bankruptcy, including a discharge of his debts, the Court denies most pending motions[1] but will grant Mr. Bonaventure's motion to withdraw his appeal.[2]  The Court denies Aurora's pending motions as moot.[3]  The Court directs the Clerk of Court to close this case.

In August 2006, Mr. Bonaventure borrowed $392,000 and granted Lehman Brothers Bank, FSB, a mortgage encumbering his home to secure the repayment on the loan.  He stopped making mortgage payments starting in 2007, and Aurora, contending that it was the proper

---

[1] Doc. Nos. 186, 188, 199, 200, 202, 209, 212, 213, 214, 218, 224.
[2] Doc. No. 225.  Mr. Bonaventure's motion to withdraw the appeal requests a refund of all monies paid.  He has not paid any fees towards the appeal, and the Court already issued a refund of certain petition filing fees.  Doc. No. 222. Accordingly, the Court grants his motion to withdraw the appeal, but there are no fees to refund.
[3] Doc. Nos. 205, 206.

owner of the note and mortgage, quickly thereafter filed a foreclosure suit in the Circuit Court for Orange County, Florida.[4]  The state court entered a final foreclosure judgment on May 13, 2009, and set the foreclosure sale for July 23, 2009, if Mr. Bonaventure did not pay the $458,900.61 owed.[5]  The foreclosure sale has since been delayed several times.

Mr. Bonaventure timely appealed the foreclosure judgment to the Fifth District Court of Appeal, where the matter is still pending.[6]  He also filed a civil suit against Aurora and several other defendants in the United States District Court, Middle District of Florida, Orlando Division, asserting multiple counts, including breach of contract, tortious interference under the Real Estate Settlement Procedures Act, and violations of the Fair Debt Collection Practices Act, among other counts.[7]  The District Court initially dismissed without prejudice most of the counts, including all the allegations against Aurora,[8] and recently dismissed the case in full.[9]

Mr. Bonaventure filed for protection under the Bankruptcy Code[10] on December 7, 2009.[11]  The automatic stay went into effect under § 362(a) and stopped the ongoing foreclosure proceedings.  Acting without a lawyer, Mr. Bonaventure initially filed his case first under Chapter 13 and then under Chapter 11.  When he was unable to effectively comply with the requirements of these types of bankruptcies, he requested to convert this case to a liquidating Chapter 7 case.[12]  Although Chapter 7 does not provide a mechanism for Mr. Bonaventure to retain his home, it can grant him relief by discharging him from the sizable debts listed in his

---

[4] Doc. No. 95.
[5] *Id*.
[6] *Id*. The appeal is docketed in the Florida Fifth District Court of Appeal as Case No. 5D09-1775.
[7] Case No. 6:09-cv-01324-GAP-DAB.
[8] *Bonaventure v. Aurora Loan Services, LLC*, No. 6:09-cv-1324-Orl-31DAB, 2010 WL 893830 (M.D. Fla. Mar. 9, 2010).
[9] Case No. 6:09-cv-01324-GAP-DAB, Doc. No. 54.
[10] Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.
[11] Doc. No. 1.
[12] Doc. Nos. 129, 136.

schedules.[13] Accordingly, the Court granted Aurora's motion for relief from the automatic stay to continue foreclosure proceedings on Mr. Bonaventure's home.[14]

Mr. Bonaventure then proceeded to file a flurry of repetitive motions, most of which sought to challenge Aurora's (1) standing to seek relief from the stay, and (2) ability to foreclose on his house in the state court action. The Court denied all the motions,[15] and Mr. Bonaventure appealed.[16] In the meantime, this Court granted Mr. Bonaventure a discharge,[17] and the Chapter 7 trustee has reported no assets exist for him to administer.[18] As such, with the foreclosure issue pending before the Fifth District Court of Appeal, the discharge issued, and the fact that the Chapter 7 trustee will take no further action in this case, nothing remains for this Court to do. Yet, Mr. Bonaventure has filed a new round of repetitive motions[19] that re-assert theories this Court already has addressed. The Court will deny these motions[20] for the reasons detailed below.

## Motions that Aurora Lacks Standing Are Denied

The essence of Mr. Bonaventure's motions is that Aurora does not have standing to seek relief from stay because Aurora did not have the right to foreclose on his home. He contends the state court's foreclosure proceedings were flawed. Indeed, it appears he is trying to re-litigate the foreclosure suit in these bankruptcy proceedings. Among his many theories that the state court case was flawed is that the chain of title was broken when his mortgage was securitized

---

[13] In his most recent summary of schedules, Mr. Bonaventure scheduled debts totaling $634,299.93. Doc. No. 191. The Court entered a discharge on September 24, 2010. Doc. No. 220.
[14] Doc. No. 136.
[15] Doc. Nos. 172, 173, 174, 175, 182.
[16] Doc. No. 184. Mr. Bonaventure filed a motion to withdraw this appeal. Doc. No. 225. The Court notes Mr. Bonaventure requests a refund even though he has not paid the fees required to bring an appeal. No monies will be refunded to Mr. Bonaventure.
[17] Doc. No. 222.
[18] See, docket entry on July 15, 2010.
[19] Doc. Nos. 186, 188, 199, 200, 202, 209, 214, 218, 224, 225. Aurora filed responses, Doc. Nos. 205 and 206, to which Mr. Bonaventure filed his own responses, Doc. Nos. 212 and 213.
[20] Doc. Nos. 186, 188, 199, 200, 202, 209, 212, 213, 214, 218, 224.

and sold, precluding Aurora from being able to foreclose.[21] Mr. Bonaventure also argues: (1) the mortgage was not properly assigned from Lehman Brothers, the original owner, to Aurora;[22] (2) the mortgage was not properly perfected, and the promissory note was not properly bifurcated, thereby denying Aurora standing to foreclose;[23] (3) there is evidence of fraud associated with assignment of the note;[24] (4) the note and mortgage violated the Federal Truth in Lending Act;[25] (5) the mortgage is unsecured and unenforceable;[26] (6) Aurora did not have the note and mortgage when it started foreclosure proceedings;[27] and (7) Aurora lied in the state court foreclosure proceedings about owning the note and mortgage.[28] Mr. Bonaventure also asserts Aurora violated the automatic stay by wrongfully paying his property taxes in July 2010 in "a duplicitous attempt to fraudulently take [Mr. Bonaventure]'s property."[29]

Although the Court understands Mr. Bonaventure's desire to save his home, the proper and only forum to determine the validity and enforceability of the state court foreclosure judgment is the Fifth District Court of Appeal. Various rules and doctrines, including the Rooker-Feldman Doctrine and Full Faith and Credit Act,[30] preclude federal courts, except the United States Supreme Court, from reviewing state court judgments.[31] That is to say, this Court cannot re-litigate the state court foreclosure judgment[32] and cannot "trump" the state court's ruling. Only the state appellate court can alter the result of the state trial court's judgment. Mr.

---

[21] Doc. Nos. 209, 218.
[22] Doc. Nos. 186, 199, 209, 213, 214, 218.
[23] Doc. Nos. 186, 199, 209, 212.
[24] Doc. Nos. 199, 202, 212, 213.
[25] Doc. Nos. 199, 212, 213.
[26] Doc. No. 218.
[27] Doc. Nos. 202, 209, 212, 218.
[28] Doc. No. 200.
[29] *Id*.
[30] 28 U.S.C. § 1738.
[31] *Goodman ex rel. Goodman v. Sipos,* 259 F.3d 1327, 1332 (11th Cir. 2001); *First Alabama Bank of Montgomery, N.A. v. Parsons Steel, Inc.*, 825 F.2d 1475, 1480 (11th Cir. 1987); *In re W.G. Wade Shows, Inc.*, 218 B.R. 625 (Bankr. M.D. Fla. 1998).
[32] *In re Collado*, Nos. 09-32049-BKC-AJC, 10-3019-BKC-AJC-A, 2010 WL 3282595, at *2 (Bankr. S.D. Fla. Aug. 13, 2010).

Bonaventure asserts there is "a cascade of cases supporting [his] appeal,"[33] but that is a matter for the state appellate court to determine. In the meantime, the final foreclosure judgment renders Aurora a party in interest under § 362(d), which gives it standing to seek relief from the stay. This Court must honor the state court's foreclosure judgment. The motions[34] are denied. Because those motions are denied, Aurora's pending motions[35] are denied as moot.

## Motions Seeking Stay Pending Appeal Are Denied

Next, Mr. Bonaventure requests a stay pending appeal of this Court's order granting Aurora relief from the stay, but asks that he not be required to post a supersedeas bond to protect Aurora's interests in the house.[36] Mr. Bonaventure fails to cite grounds for issuing a stay or for the bond requirement to be waived. Moreover, the Court notes he recently filed a motion to withdraw the appeal and requests a refund of monies paid.[37] The Court grants the motion[38] to withdraw the appeal, but Mr. Bonaventure will not receive a refund because has not paid fees associated with the appeal.

Motions for stays pending appeal are governed by Fed. R. Bankr. P. 8005. Bankruptcy Courts have discretion to grant a stay pending appeal without requiring the appellant to post a supersedeas bond, which protects the interests of the appellee against losses that might result from staying a judgment or order.[39] An appellant seeking a stay without posting a bond must provide specific reasons why the court should deviate from the usual requirement to post a bond.[40]

---

[33] Doc. No. 200.
[34] Doc. Nos. 186, 199, 200, 202, 209, 212, 213, 214, 218.
[35] Doc. Nos. 205, 206.
[36] Doc. Nos. 213, 218. Mr. Bonaventure also filed another motion for a stay pending appeal and another submission supporting his motion, but did not discuss the issue of waiving the bond requirement. Doc. Nos. 186, 193.
[37] Doc. No. 225.
[38] *Id*.
[39] *In re Weinhold*, 389 B.R. 783, 787 (Bankr. M.D. Fla. 2008).
[40] *Id*.

Mr. Bonaventure has not cited a reason to waive the bond requirement. Rather, the debtor cites *BAC Funding*, a Florida appellate court case, as "newly discovered evidence" that he argues undermines the state court's decision to grant Aurora a foreclosure judgment.[41] However, not only was *BAC Funding* issued several months before this Court granted Aurora relief from the stay and therefore is not "newly discovered evidence,"[42] the case also is irrelevant because it addresses whether a state court litigant presented enough evidence for the state court to grant summary judgment on a foreclosure case. Here, the state court *already entered* a final foreclosure judgment, and only the state appellate court—and not this Court—can alter that judgment.

Mr. Bonaventure's argument that he would suffer "irreparable financial harm"[43] if he were required to post a bond also is unpersuasive. His financial difficulties are not grounds to waive the bond requirement.[44] He can stay the foreclosure sale by posting a bond in state court while the appellate court case is pending. He has not done so. He is using these bankruptcy proceedings and the automatic stay as a way to avoid posting a bond in the state court appeal. The automatic stay is not a free substitute for the bond required to halt a foreclosure sale.[45] Chapter 7 provides a mechanism for Mr. Bonaventure to seek relief from his debts; it is not a cheap way to continue stalling foreclosure. The motions[46] are denied.

---

[41] *BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques*, 28 So.3d 936 (Fla. 2d DCA 2010).
[42] Newly discovered evidence is evidence that was unavailable at the time of the original hearing. *Mays v. United States Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997). *BAC Funding* was issued in February 2010, several months before the Court lifted the automatic stay in May 2010.
[43] Doc. No. 213.
[44] *Avirgan v. Hull*, 125 F.R.D. 185, 186-87 (S.D. Fla. 1989).
[45] *Epic Metals Corp. v. Condec, Inc.*, 232 B.R. 806, 808-09 (M.D. Fla. 1999).
[46] Doc. Nos. 186, 213, 218.

**Request for Automatic Stay to Remain in Effect is Denied**

Similarly, Mr. Bonaventure requests that the automatic stay remain in effect until the Chapter 7 discharge is entered or the state appellate court renders its decision.[47] For a variety of reasons, including those cited above, the Court denies this request. As this Court decided in an order issued on May 17, 2010,[48] Aurora has stated grounds for relief from the automatic stay under 362(d)(1), which *requires* a court to grant relief "for cause, including the lack of adequate protection of an interest in property of such party in interest." Mr. Bonaventure incorrectly asserts that the Court's decision to lift the stay was "clearly erroneous," demonstrated "bias," and was a "rush to judgment."[49] None of these grounds are accurate, or a basis to re-impose the automatic stay. The validity of the state court judgment is a question for the state appellate court—and not this Court—to sort out. Again, the automatic stay is not a cheap alternative to posting a supersedeas bond while the state court makes that determination. The motions[50] are denied.

**Motion Seeking Reconsideration of Ruling that Aurora did not Violate the Stay is Denied**

Mr. Bonaventure next objects to this Court's order[51] denying his motion for violation of the automatic stay.[52] Mr. Bonaventure has appealed the order[53] and, in the current motion which the Court construes to be a motion for reconsideration,[54] has simply restated the same arguments this Court has already rejected. In short, Mr. Bonaventure asserts two creditors and/or their agents violated the automatic stay of §362(a) by taking two different actions while the automatic stay was in effect. First, Capital Management, on behalf of Arrow Financial Services, LLC, sent

---

[47] Doc. No. 186. Mr. Bonaventure also requests the stay remain in effect in Doc. Nos. 199, 209, and 213, but does not ask for it to remain in effect until a particular point in time.
[48] Doc. No. 136.
[49] Doc. No. 186.
[50] Doc. Nos. 186, 199, 209, 213.
[51] Doc. No. 175.
[52] Doc. No. 188.
[53] Doc. No. 184.
[54] Doc. No. 188.

him a letter offering to settle a debt. Second, Citibank, through its counsel Zakheim & Associates, P. A., issued to Mr. Bonaventure a notice that Citibank was dismissing a state court case against him. This Court found that none of the parties had received notice that the stay was in effect, due to Mr. Bonaventure's failure to properly include them in his creditor mailing matrix and schedules.[55] Additionally, the Court noted that Citibank's notice of case dismissal did not violate the automatic stay because it was not an attempt to collect a debt.[56]

Reconsideration of a prior order under Fed. R. Civ. P. 59 is "an extraordinary remedy to be employed sparingly."[57] The only grounds for granting reconsideration under Rule 59 are a change in controlling law, newly discovered evidence, or a clear error of law or fact.[58] Mr. Bonaventure has not cited anything to suggest there are grounds for reconsideration. The motion[59] is denied.

**Motion Seeking Certification as a Class Action and Equitable Subordination is Denied**

Mr. Bonaventure next invokes various provisions that do not apply in this case. Neither class action certification nor equitable subordination is relevant to the matters at issue. The debtor's request for class action certification[60] fails for three reasons. First, classes can be certified only in the context of an adversary proceeding, and Mr. Bonaventure has not filed an adversary proceeding.[61] Second, Mr. Bonaventure has failed to identify other parties who would be part of a certified class. Third, he has not met the requirements under Fed. R. Civ. P. 23 for certifying a class.

---

[55] Doc. No. 175.
[56] *Id*.
[57] *Sussman v. Salem, Saxon & Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994).
[58] *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999); *In re Barber*, 318 B.R. 921, 924 (Bankr. M.D. Ga. 2004); *In re Investors Florida Aggressive Growth Fund, Ltd.*, 168 B.R. 760, 768 (Bankr. N.D. Fla. 1994).
[59] Doc. No. 188.
[60] Doc. No. 209.
[61] *See* Fed. R. Bankr. P. 7023. Mr. Bonaventure's motion indicates he believes filing the motion constitutes an adversary proceeding. In fact, an adversary proceeding must be filed separately in accordance with Fed. R. Bankr. P. 7000 *et seq*.

Mr. Bonaventure's equitable subordination arguments are similarly misguided.[62] Under § 510(c), a Bankruptcy Court can subordinate a creditor's claim to other claims if that creditor has engaged in inequitable conduct.[63] However, not only does this require there to be a distribution of assets from the bankruptcy estate, equitable subordination only means that a creditor receives a distribution *after* other claims are satisfied.[64] It does not eliminate or disallow the claim.[65] Here, there are no assets in the bankruptcy estate for the Chapter 7 trustee to distribute; and even if there were a distribution of assets and Mr. Bonaventure could show Aurora engaged in inequitable conduct, Aurora's claim would simply be subordinated to other creditors' claims. The motions[66] are denied.

## Motion to Incorporate Additional Filings as Newly Discovered Evidence, or, Alternatively Withdraw Appeal without Prejudice is Denied

Next, Mr. Bonaventure wishes to incorporate three recently filed motions[67] as "newly discovered evidence," or, alternatively, withdraw his appeal until these three motions are heard.[68] The so-called newly discovered evidence he cites is the same *BAC Funding* decision that was issued before this Court lifted the stay, and it is irrelevant to the matters at hand. It is not newly discovered evidence. To the extent that Mr. Bonaventure seeks to have his recently filed motions deemed newly discovered evidence, the motion is denied because his recently filed motions are not evidence. To the extent he seeks to incorporate this Court's rulings on the three motions he filed in August 2010 to the appeal he filed on July 16, 2010,[69] the motion is denied because a party can appeal an order only after it has been entered.[70] Additionally, the motions

---

[62] Mr. Bonaventure mentions equitable subordination in Doc. Nos. 186, 199, 200, 209, 213.
[63] *See, e.g.*, *Mukamal v. Bakes*, 383 B.R. 798, 828-29 (S.D. Fla. 2007).
[64] 4 Collier on Bankruptcy, ¶ 510.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).
[65] *Id*.
[66] Doc. Nos. 186, 199, 200, 209, 213.
[67] Doc. Nos. 199, 200, 202.
[68] Doc. No. 214.
[69] Doc. No. 184.
[70] *See generally* Fed. R. Bankr. P. 8001 *et seq*.

Mr. Bonaventure seeks to withdraw[71] in an effort to withdraw his appeal have already been denied,[72] so they can no longer be withdrawn. Accordingly, the motion[73] is denied.

Mr. Bonaventure recently filed another Notice of Appeal on July 16, 2010, and has not yet paid the filing fee.[74] He is entitled to withdraw that notice if he wishes, though the Court has previously ruled it will strike any future motions seeking to proceed *in forma pauperis*.[75] Indeed, the Court grants Mr. Bonaventure recently filed a motion to withdraw the appeal.[76]

**Motion for Full Clearance and/or Expungement of Credit Reports is Denied**

Mr. Bonaventure recently filed a motion asking this Court to expunge notices on his personal credit report of charge offs and that certain accounts are past due.[77] Credit reporting agencies employ their own methods for reporting an individual's credit history. This Court does not exercise authority to require these companies to remove data from Mr. Bonaventure's credit record. The motion is denied.[78]

In conclusion, the Court finds Mr. Bonaventure has failed to show Aurora does not have standing to seek relief from the stay, that relief from the stay should be stayed pending appeal, or any of the other relief Mr. Bonaventure requests. The Court grants Mr. Bonaventure's motion[79] to withdraw the appeal but will not issue a refund, denies his other pending motions,[80] and denies Aurora's pending motions[81] as moot. Mr. Bonaventure has concerns about the state foreclosure proceedings, and the state appellate court is the appropriate venue for his arguments. Mr.

---

[71] Doc. Nos. 130 (notice of appeal), 154 (amended notice of appeal), 158 (amended statement of issues on appeal).
[72] Doc. No. 138 denied Mr. Bonaventure's motion found at Doc. No. 130, but this was later vacated when the Court allowed Mr. Bonaventure to convert his case from Chapter 11 to Chapter 7. Doc. No. 174 denied Mr. Bonaventure's motions found at Doc. Nos. 154 and 158.
[73] Doc. No. 214.
[74] Doc. No. 184.
[75] Doc. No. 222.
[76] Doc. No. 225.
[77] Doc. No. 224.
[78] *Id.*
[79] Doc. No. 225.
[80] Doc. Nos. 186, 188, 199, 200, 202, 209, 212, 213, 214, 218, 224.
[81] Doc. Nos. 205, 206.

Bonaventure has been issued a discharge, and the Chapter 7 trustee has found there are no assets to distribute, so there is nothing remaining to complete this case. The Clerk of Court is directed to close this case. A separate order consistent with this memorandum opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, this 28th day of October, 2010.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies furnished to:

Debtor:  Bruce Grant Bonaventure, P.O. Box 940804, Maitland, FL  32794

Trustee:  Emerson C. Noble, P.O. Box 195008, Winter Springs, FL  32719-5008

United States Trustee:  Jill E. Kelso, 135 W. Central Blvd., Suite 620, Orlando, FL  32801

Creditor:  Aurora Loan Services, LLC, c/o Carey N. Bos, Bos & Associates, PA, 723 E. Colonial Drive, Suite 400, Orlando, FL  32803

All Creditors and Interested Parties